### BOGILENO v. UNITED STATES.
### No. 446.

Circuit Court of Appeals, Tenth Circuit.
Sept. 23, 1931.

William T. Burris, of Pueblo, Colo., for appellant.

Jean S. Breitenstein, Asst. U. S. Atty. of Denver, Colo. (Ralph L. Carr, U. S. Atty., and John G. Reid, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

## PER CURIAM.

On a first appeal of this case, a conviction was reversed because of error in the charge to the jury. (C. C. A.) 38 F.(2d) 584. We held, however, that the indictment charged an offense under section 91, title 18, U. S. Code (18 USCA § 91), and that the evidence was sufficient to support a conviction upon the first count. Upon the present trial, the trial court directed a verdict of acquittal upon the second count. While the evidence in the present record is not as extensive as upon the former trial, it discloses that on the night of May 15, 1927, two prohibition agents arrested the defendant and informed him that they were prohibition agents; that the defendant said: "We can settle this case right here. * * * We are working boys together. * * * I will buy you boys off." The agents asked him how much; he offered $400, and they declined. The next morning a complaint was filed before the United States commissioner, and, as the agents were taking defendant to the commissioner for arraignment, the defendant offered the agents $400 in currency, which they accepted. The agents then charged him with bribery.

The defendant took the witness stand and testified to substantially the same state of facts. He testified that one of the agents told him that he was a federal prohibition officer and that he was under arrest; that the agents asked him if he had any money in his pocket, and he said, "No," and they took him to jail; that while in jail he got some money and marked it, and that the next morning he gave to the agents the $400 of marked money, but that his purpose in so doing was that he might have the agents arrested for bribery.

■ ■ The court correctly charged the jury that the important question in the case was the intent of the defendant at the time he gave them the money. Appellant contends that the trial court should have directed a

verdict of acquittal because there was no evidence that the defendant had been lawfully arrested. The same argument was made in the former appeal and held to be without merit. It is further contended that the evidence is insufficient because there was no specific proof of the charge in the indictment that the purpose of the bribe was to cause the agents "to release and refrain from appearing against" the defendant in the pending proceeding. We think the evidence was sufficient to enable the jury to find that the purpose of the defendant in paying the money was to secure his release. The evidence in this respect is the same as at the former trial, which we held to be sufficient. Many other errors are assigned, directed at the charge to the jury and at the refusal of the court to give certain requested instructions. We have considered the charge, and are of the opinion that the assignments of error are without merit.

The judgment is affirmed, and the mandate will issue forthwith.